## PINCKNEY v. GREEN.

JURY—MAGISTRATE COURT—WAIVER.—A defendant in a magistrate court in Charleston County is entitled to trial by jury on demand, and his refusal to pay costs of summoning and *per diem* of jurors in advance, is not a waiver of that right.

Before W.ATTS, J., Charleston, March, 1903. Reversed.

Action by W. R. Pinckney against James Green in magistrate court. From Circuit judgment affirming magistrate, defendant appeals.

*Mr. J. N. Nathans, Jr.,* for appellant, cites: Con., art. I.,

sec. 25; 7 S. E. R., 528; Code, 1902, 794, sub. 6, 796, 805, 806, 987, 994, 996, 1002, 1012, sub. F., 5th; 1012, sub. I., sub. m, sub. n, 2637, 2864, 2938, 2953, 3100, 3117, 3121; Code Proc., 1902, 373; 56 S. C., 506; 25 S. C., 584.

*Mr. R. C. Merritt,* contra, cites: Code, 1902, 1012, subs. a-c; 57 S. C., 256; Code, 1902, 3121, 2938, 3100; 16 S. C., 62; 24 S. C., 459; 109 U. S., 74; Rev. Stats., 2637; 17 Ency., 2 ed., 1107, 1097.

August 13, 1903.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This action of claim and delivery was instituted in the judicial magistrate's court for Charleston County.    The defendant appeared, answered and demanded a trial by jury, which was refused, because defendant declined to pay in advance, on demand, the costs of summoning and paying jurors.    The attorney for defendant refused to have anything further to do with the trial of the case, claiming that the same could not lawfully proceed without a jury.    Plaintiff having proved his case before the magistrate, judgment was rendered against defendant.    This judgment was sustained on appeal by the Circuit Court. The seven exceptions really present but the single question, whether a party in a civil case before a magistrate is entitled to a trial by jury, when he, on demand therefor, refuses to pay in advance the costs of summoning and paying jurors. The amount demanded of defendant for this purpose was $3.10, and it was suggested in argument that the sum was in excess of what the statute provided in such cases; but such question was not presented to nor considered by the Circuit Court, nor do we consider that any exception to this Court raises that point.    We assume, therefore, that the amount demanded was not in excess of the costs and fees allowed by statute.    Art. I., sec. 25, of the Constitution declares: "The right of trial by jury shall be preserved inviolate."    This right existed in trial justice or magistrate courts in civil as

well as criminal cases at the time of the adoption of the Constitution. Sec. 884, vol. 1, Revised Statutes, 1893, provided: "Either party to a suit before a trial justice shall be entitled to a trial by jury." This provision is now sec. 986, Civil Code, 1902, with the name of magistrate instead of trial justice. With respect to judicial magistrate courts in the city of Charleston, it is provided in subdivision D, sec. 1012 (Code 1902): "Any party in any cause in said court, civil or criminal, shall be entitled to a jury, if he demand one previous to the trial, to be drawn by the presiding magistrate, and in the mode now provided by law as governing the drawing of juries in magistrate's court." Under the last provision it may be that a party would be held to have waived his right to a jury trial by failure to demand a jury previous to the trial. It may be true, also, that "the legislature has power to require payment of a reasonable jury fee by one demanding a jury trial," as stated in 17 Ency. Law, 2 ed., 1107. But we do not find in the statutes any provision, and none has been called to our attention, which conditions the right to trial by jury upon the payment of the costs of summoning and paying jurors, or which makes a failure or refusal to pay such costs a waiver of trial by jury. The general principle which must govern in a case of this kind is thus stated in *State* v. *Pacific Guano Co.,* 28 S. C., 70: "When a case is of such a nature as to entitle the parties to a trial by jury, it can only be tried in that way, or in some other way to which the parties have consented, and that no other mode of trial can be substituted for that guaranteed by the Constitution, except by consent." As we find nothing in this case which would warrant us in holding that defendant waived his right of trial by jury, we are bound to conclude that he has been denied a mode of trial guaranteed to him by law.

The judgment of the Circuit Court is reversed and the case is remanded to the magistrate for trial by jury.